IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| CARTER BROTHERS MANUFACTURING COMPANY, INC., )))) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 2:11cv251-MHT |
| ) | (WO) |
| LUMBERMEN'S UNDERWRITING ALLIANCE, an Inter-insurance Exchange Company, )))) | |
| Defendant and Third-Party Plaintiff, )) | |
| ) | |
| v. ) | |
| ) | |
| GE COMMERCIAL DISTRIBUTION FINANCE CORP., et al., ))) | |
| Third-Party Defendants.) | |

OPINION AND ORDER

Plaintiff Carter Brothers Manufacturing Company, Inc. ("the insured") filed this suit against defendant Lumbermen's Underwriting Alliance ("the insurer"), asserting state-law claims for breach of contract and bad faith resulting from the insurer's denial of the

insured's claim under an insurance policy between the insurer and the insured.  Jurisdiction is proper pursuant to 28 U.S.C. § 1332 (diversity).  The insurer has also filed a counterclaim against the insured and a third-party complaint against several loss payees under the insurance policy.  One of these loss payees and third-party defendants is Wells Fargo Equipment Finance, Inc.  This cause is now before the court on the insurer's motion for default judgment on its third-party complaint against Wells Fargo.  For the reasons that follow, the motion will be denied.

The record in this case reflects that Wells Fargo was served with a copy of the summons and complaint; that it has failed to respond to the summons and complaint within the time allowed; and that it has failed to respond to an order of this court to show cause as to why final judgment should not be entered against it.  This is sufficient to warrant the entry of default under Fed. R. Civ. P. 55(a), which provides for default "When a party

against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." See SEC v. Smyth, 420 F.3d 1225, 1321 (11th Cir. 2005) (discussing the entry of default, which "'is entered upon the insurer's failure to plead or otherwise defend'" a claim) (quoting Lowe v. McGraw-Hill Cos., 361 F.3d 335, 339-40 (7th Cir. 2004)). Accordingly, the clerk of court has entered default against Wells Fargo.

However, "a defendant's default alone does not warrant entry of a default judgment." Nyesa Costa Rica v. Wilson Cap. Group Holdings, LLC, 2012 WL 1492344, at *3 (S.D. Fla. Apr. 27, 2012) (Seitz, J.) (citing Tyco Fire & Sec. LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007)). Instead, a default judgment, including the specific nature and extent of the relief sought, must be adequately supported in the record. See, e.g., Adolph Coors Co. v. Movement Against Racism and the Klan, 777 F.2d 1538, 1534-44 (11th Cir. 1985) ("[J]udgment of default awarding cash damages [may] not properly be

entered without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation.  Damages may be awarded only if the record adequately reflects the basis for award via a hearing or a demonstration by detailed affidavits establishing the necessary facts." (internal quotes and citations omitted)); Boswell v. Gumbaytay, 2009 WL 1515912, at *8 (M.D. Ala. June 1, 2009) (Watkins, J.) (in entering a default judgment, the court's "core duty is 'to assure [itself] that there is a legitimate basis for any damage award it enters'") (quoting Anheuser-Busch, Inc. v. Philpot, 317 F.3d 1264, 1266 (11th Cir. 2003)).

Here, the insurer has failed to specify what sort of affirmative relief the court should order.  In its third-party complaint against Wells Fargo, the insurer alleges:

> "[The insured's] failure to fully comply with information requests hampered [the insurer]'s ability to investigate and determine what, if any, amounts may be owed to the individual Loss Payees.

***

4

> "The policy ... directs how [the insurer] is to handle the Loss Payees' claims if it denies [the insured's] claims because of [the insured's] actions and/or failure to comply with the terms of the policy ....
>
> \*\*\*
>
> "[The insurer] has asked this Court to determine whether [the insured's] actions and/or failures to comply with the terms of the policy void coverage.
>
> \*\*\*
>
> "[The insurer] is asking this Court to determine when payment is properly due to the Loss Payees and how much each Loss Payee should properly receive pursuant to the full terms and conditions of the policy. In that regard, [the insurer] is prepared to deposit any undisputed funds that may be owed to the Loss Payees into the Registry of the Court should the Court deem such actions proper."

Third-Party Complaint (Doc. No. 8) at 8. The insurer's third-party complaint then concludes with this prayer for relief: "A declaration as to what amounts, if any, it owes the Loss Payee Third-Party Defendants." Id. at 9. Thus, it appears that the insurer does not seek damages

from Wells Fargo, but rather seeks a declaration of the amount it may owe Well Fargo.

However, as the record now stands, there is nothing from which the court can determine, first, if the insurer is liable to Wells Fargo and, second, if so, for how much. It appears that this is inherent in the nature of the insurer's claim against Wells Fargo, for it appears that the third-party claim is conditional. The insurer argues that it does not owe the insured anything under the insurance policy and that, if this be the case, it may then need to pay some amount to Wells Fargo as a loss payee. In other words, any payment the insurer is obligated to make to Wells Fargo is contingent upon a determination that the insured is not entitled to a payment itself, a dispute that lies at the center of the merits issues to be resolved in the insured's complaint (asserting breach of contract for failure to pay the insured) and in the insurer's counterclaim (asserting that the insured breached the policy by prematurely

filing this lawsuit), both of which are at issue in pending motions for summary judgment that have not even been fully briefed. See Mots. (Doc. Nos. 177 & 178); Order (Doc. No. 181) (setting all summary-judgment motions for submission on May 25, 2012).

In this circumstance, the court cannot enter a judgment, default or otherwise, for affirmative relief. Because the insurer has not informed the court what the relief should be on its third-party complaint against Wells Fargo, the court, obviously, cannot say what that relief should be either.

***

Accordingly, it is ORDERED that defendant Lumbermen's Underwriting Alliance's motion for a default judgment (Doc. No. 167) is denied without prejudice.

DONE, this the 10th day of May, 2012.

    /s/ Myron H. Thompson
    UNITED STATES DISTRICT JUDGE