IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| CARTER BROTHERS MANUFACTURING COMPANY, INC., | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO. ) 2:11cv251-MHT (WO) |
| LUMBERMEN'S UNDERWRITING ALLIANCE, an Inter-Insurance Exchange Company, | ) ) ) ) |
| Defendant and Third-Party Plaintiff, | ) ) ) |
| v. | ) ) |
| GE COMMERCIAL DISTRIBUTION FINANCE CORP., et al., | ) ) ) |
| Third-Party Defendants. | ) |

### JUDGMENT

It is the ORDER, JUDGMENT and DECREE of the court as follows:

(1) The motion for order of payment to Regions Bank (Doc. No. 210) is granted.

{00027708.DOC .}

(2) Defendant and third-party plaintiff Lumbermen's Underwriting Alliance may issue payment to third-party defendant Regions Bank, as sole payee, in the amount of $277,072.67.

(3) By issuing payment and doing so in the fashion described herein, defendant and third-party plaintiff Lumbermen's Underwriting Alliance is not waiving any rights it may have with respect to: (a) recovery of this amount from plaintiff Carter Brothers Manufacturing Company, Inc. and/or third-party defendants June Arn and Jonathan Arn; (b) its abilities to question whether coverage exists in this matter and what sums, if any, are owed to the other loss payees; and (c) its ability to continue with its declaratory-judgment actions.

(4) By allowing the issuance of payment to third-party defendant Regions Bank, plaintiff Carter Brothers Manufacturing Company, Inc. is not waiving any rights that it has to recovery against defendant and third-party plaintiff Lumbermen's Underwriting Alliance.

(5) By allowing the issuance of payment to third-party defendant Regions Bank, plaintiff Carter Brothers Manufacturing Company, Inc. is not waiving any defense asserted by it in its amended answer to defendant and third-party plaintiff Lumbermen's Underwriting Alliance's counterclaim.

(6) By allowing the issuance of payment to third-party defendant Regions Bank, third-party defendants June Arn and Jonathan Arn are not waiving any defense asserted by them in their amended answer to defendant and third-party plaintiff Lumbermen's Underwriting Alliance's third-party complaint.

(7) Third-party defendant Regions Bank's acceptance of the $277,072.67 claim payment set forth herein shall not preclude third-party defendant Regions Bank from pursuing an award of interest on the claim amount in this lawsuit.

(8) Third-party defendant Regions Bank's acceptance of the $277,072.67 claim payment set forth herein shall

not preclude third-party defendant Regions Bank from collecting from plaintiff Carter Brothers Manufacturing Company, Inc. and third-party defendants June Arn and Jonathan Arn any additional interest that has accrued or other amounts that have become due since the date of loss pursuant to the terms of the loan agreements and promissory notes entered into by plaintiff Carter Brothers Manufacturing Company, Inc. and third-party defendant Regions Bank.

(9) By allowing issuance of payment to third-party defendant Regions Bank, plaintiff Carter Brothers Manufacturing Company, Inc. is not waiving any right it may have to recover from defendant and third-party plaintiff Lumbermen's Underwriting Alliance any additional interest that has accrued or other amounts that have become due, pursuant to the terms of the loan agreements and notes entered into by plaintiff Carter Brothers Manufacturing Company, Inc. and third-party defendant Regions Bank since the date of the loss, although defendant and third-party plaintiff

Lumbermen's Underwriting Alliance denies that third-party defendant Regions Bank is entitled to receive any such interest payment from it, pursuant to the policy and applicable law.

The clerk of the court is DIRECTED to enter this document on the civil docket as a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

This judgment does not terminate any party.

DONE, this the 18th day of July, 2012.

       /s/ Myron H. Thompson
      **UNITED STATES DISTRICT JUDGE**